D. Vincent Cebbito, J.
This is a motion to vacate an order of this court made by me on September 29, 1969, ordering the dissolution of the Second United Presbyterian Church of Johns-town, New York, hereinafter referred to as “ respondent ”, and the vesting of its property and assets in the Presbytery of Albany, hereinafter referred to as “ petitioner”, of the United Presbyterian Church in the United States of America.
This motion was brought on by order to show cause signed by Mr. Justice Gfcrr'A. Graves and dated October 14, 1969, ordering all assets frozen, and the return of property seized under the previous order to the respondent church and all further proceedings stayed until the hearing and determination of the instant motion.
The Second United Presbyterian Church of Johnstown (now known as the Johnstown Covenant Presbyterian Church) and the Presbytery of Albany, were part of the United Presbyterian Church in the United States of America, hereinafter referred to as the “ General Church ”.
The United Presbyterian Church in the United States of America is comprised of four ruling bodies, namely, the General Assembly, the Synod of New York, the Presbytery of Albany and the Session and Congregation of the local church. These four bodies have ruling power, in the order listed above, in the government of the General Church.
The respondent church was organized on July 10, 1828 and in 1830 made plans to build a church building and an order was made by the governing body to purchase property for that purpose. In 1831, it incorporated under the name of the Associate *793 Presbyterian Congregation of Johnstown, and it elected the first trustees.
In 1858, it associated itself with the United Presbyterian Church of North America and remained an associate member of that denomination until 1958, when that denomination merged with the Presbyterian Church in the United States of America, to form the United Presbyterian Church in the United States of America, the General Church.
Due to the apparent loss of its papers of incorporation, in 1966, the respondent church reincorporated itself under the name of the Second United Presbyterian Church of Johnstown.
Since 1965 up to and including September 14, 1969, certain events occurred among the respondent church, the General Church, and the petitioner Presbytery, which led to a withdrawal from the General Church by the respondent church on the said September 14, 1969 date. On September 15, 1969, its pastor was received as a member of the Reformed Presbyterian Church Evangelical Synod.
At a stated meeting of the Presbytery of Albany, on September 16, 1969, the Presbytery, by virtue of its power under the General Church’s governmental structure, dissolved the respondent church.
The respondent claims, among other things, that it was merely an associate member of the General Church, while the petitioner contends that the respondent was affiliated with the General Church, and that by reason of the constitution and other rules and regulations of the General Church, submitted itself to the jurisdiction of the General Church and the Presbytery of Albany.
The dissolution of the respondent church by the Presbytery rendered the respondent church extinct and thereby placed the disposition of the church property within the purview of section 17-b of the Religious Corporations Law.
There are two main issues here, before me. The first is the extent to which this court (a civil court) may become involved in litigation affecting the property of the churches herein, without violating the First Amendment of the United States Constitution. The second issue is whether the respondent is being deprived of due process of law as guaranteed it by the Fourteenth Amendment of the United States Constitution.
The law regarding the First Amendment, I find, to be well settled and defined. There is no violation of the First Amendment when civil courts decide church property disputes without interfering with or attempting to resolve underlying contro *794 versies over religious doctrine and practice, and without implicating secular interests in matters of purely ecclesiastical concern. (See Presbyterian Church v. Hull Church, 393 U. S. 440.)
By virtue of the Hull Church decision, I find that I have jurisdiction in the matter before me.
Respondent argues that section 17-b, as applied to the respondent church violates the due process clause of the Fourteenth Amendment in that it is: (1) a retroactive law affecting property rights vesting prior to the enactment of the statute, and (2) a law permitting property rights to be divested without notice or opportunity to be heard.
A resolution of respondent’s position requires an inquiry into the type or nature of the church involved in the dispute herein.
Generally, religious organizations are divided into two groups, namely congregational and hierarchical churches, respectively. A church which is an independent organization, governed solely within itself, either by a majority of its members or by such other local organism as it may have instituted for the purpose of ecclesiastical government, is a congregational church. A church organized as a body with other churches, having similar faith and doctrine with a common ruling convocation or ecclesiastical head is an hierarchical church. (See Knight v. Presbytery of Western N. Y., 26 A D 2d 19, 21, affd. 18 N Y 2d 868.)
The arguments advanced by the parties hereto cannot and, in fact, do not denote the character of the church involved. Whether the respondent church is congregational or hierarchical is dependent upon the composition or' make-up of the church as outlined in the Knight case.
A reading of the affidavit of the Stated Clerk of the Presbytery of Albany indicates that the respondent church actively participated as a part of the General Church by the attendance of its ministers and elders at meetings of the Presbytery, who also participated in its deliberations and actions, served on its committees, held office at various times in said Presbytery, and regularly submitted the minutes of the session for approval to the Presbytery. None of this is controverted or disputed ^by the respondent.
By virtue of the respondent’s active participation in the affairs of the Presbytery of the General Church, and according to the standards established in the Knight case, I find the respondent church to be a member of the General Church and to be an hierarchical church and not a congregational church.
*795 Without becoming involved in doctrinal or purely ecclesiastical matters, it is proper for this court to conclude that the action taken by the Presbytery, declaring the respondent church extinct, was a legitimate exercise of an ecclesiastical function, within the framework of the hierarchical structure of the General Church. (Cf. Gonzalez v. Archbishop, 280 U. S. 1.)
Is this, then, a denial of due process of the Fourteenth Amendment of the United States Constitution in that it is a law permitting property rights to be divested without notice or an opportunity to be heard and in that it is a retroactive law affecting property rights vesting prior to the enactment of the statute í I think not.
I find it inherent in the statute (§ 17-b) that the property involved is deemed to be under the jurisdiction of the General Church, as the very act of becoming a part of an hierarchical church, has as a consequence, to the extent of its future disposition, the voluntary relinquishment of dominion and control over such property. This voluntary relinquishment of dominion and control, again, by its very nature, precludes any future claim that there was a divesting of property rights or that the statute is retroactive. Hence, I find no violation of the Fourteenth Amendment, as alleged by the respondent.
The only question remaining to be resolved is whether the secession of the respondent church from the General Church, one or two days before it was formally dissolved by the petitioner, can terminate the relationship and free the respondent church from the control of the General Church. I find the law well settled that the said secession cannot free the respondent church from the General Church, with respect to the property. (See Trustees of Presbytery of N. Y. v. Westminster Presbyt. Church, 222 N. Y. 305, 315.)
Having made the determination that the respondent church is a member of the General Church and that it is extinct, I am bound to follow and will follow the law of this State, as enacted and set forth in section 17-b of the Religious Corporations Law, specifically designed for the disposition of property involved in a situation such as this.
Once the respondent church is declared to be extinct, the role of the court is prescribed by the Legislature in said section 17-b. Any change or deviation must come from the Legislature, not the court.
Respondent’s motion should be and hereby is denied, without costs, and the order of this court made on September 29, 1969 should be and hereby is reinstated.